IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TAMIKA J. AUSTIN, et al.,    )
                             )
    Plaintiffs,              )
                             )      CIVIL ACTION NO.
    v.                       )        2:04cv420-T
                             )           (WO)
CITY OF MONTGOMERY, et al.,  )
                             )
    Defendants.              )
```

OPINION

Plaintiffs filed this lawsuit, pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.A. §§ 1981a, 2000e through 2000e-17) and the Civil Rights Act of 1866 (42 U.S.C.A. § 1981), charging employment discrimination; they also assert a state-law claim for assault. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motion for summary judgment should be granted. Also before the court are plaintiffs' objections to the recommendation. After an independent and de novo review of the record, the court concludes that plaintiffs' objections

should be overruled and the magistrate judge's recommendation adopted.

The court, however, offers these additional comments. 28 U.S.C.A. § 1367(c)(3) provides that a "district court may decline to exercise supplemental jurisdiction over a claim if ... the district court has dismissed all claims over which it has original jurisdiction." The court's dismissal of the state-law claim here should not work to plaintiffs' disadvantage. Section 1367(d) provides for at least a 30-day tolling of any applicable statute of limitations so as to allow a plaintiff to refile its claim in state court. The section states:

> "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

An appropriate judgment will be entered.

DONE, this the 21st day of October, 2005.

        /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**